**MICHAEL H. LUU, SBN 177818**
Attorney at Law
2060 Aborn Road, Suite 240
San Jose, CA 95121
Telephone (408) 425-6221
Fax (408) 270-2405

Attorney for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In Re: | **Case No.** 12-55661 CN |
| **RAYMOND A JACKSON,** | **CHAPTER 11** |
|     Debtor-in-Possession, | Date: May 8, 2014<br>Time: 11:00 AM<br>Court: Courtroom 3070<br>Honorable: Charles Novack |

**COMBINED PLAN OF REORGANIZATION
AND DISCLOSURE STATEMENT
DATED: March 25, 2014**

### INTRODUCTION

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement dated March 25, 2014 (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 5% of their allowed claims in monthly payments over

INDIVIDUAL CHAPTER 11
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

1

60 months.  Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan.  Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than May 1, 2014.  The court will hold a hearing on confirmation of the Plan on May 8, 2014 at 11:00 A.M.

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation.  Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case.  Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation.  Exhibit 3 shows Debtor's monthly income and expenses.  Exhibit 4 describes the sources of income for the payments required under the Plan.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here.  You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts.  Creditors may not seize their collateral or enforce their pre-confirmation debts so long as

Debtor performs all obligations under the Plan.  If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights.  Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments.  Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**
**Debtor to Make Regular Payments and Pay Arrears Over Time.**

Debtors will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) with interest in 60 equal monthly payments, due the 10TH day of the month, **starting one month from the effective date**.  To the extent arrears are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(b)).  **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|
| **1A** | BAYVIEW LOAN SER,LLC/ ETRADE BANK; 1ST DOT (# 2539) | 1526 Morningstar Dr., Morgan Hill CA 95037 With BAYVIEW LOAN SER,LLC/ ETRADE BANK 1st Deed of Trust for $673,782.64 | **$3682.22 for principal and interest** per month of the variable interest rate and fluctuating ongoing escrow payments required by the Loan Documents.* | **TOTAL pre petition arrearage $33,393.48** **TOTAL post-petition arrearage $72,643.18** | 4.875% for 60 months | **Pre-petition arrearage:** (start effective date) **$556.55 for 59 months and a final payment of 557.03 in month 60** **Post-petition arrearage:** (start effective date) **60 pymts of $1,366.71*** |

- **Secured Creditor, E-Trade Bank filed an objection to confirmation of Plan on 10/29/2013 regarding treatment of mortgage payment and pre and post petition arrears. The parties have conferred and agreed upon the treatment of E-Trade Bank's first lien secured by the Morningstar Property for purposes of Debtors' Chapter 11 Plan and those terms are reflected above and in a Stipulation filed on 2/27/2014 as docket # 121 with the Court prior to the Disclosure Statement Hearing.**

**Debtor to Strip Off Lien.**

Debtors have obtained an order (3/29/2013 as docket # 68) fixing the secured amount of the following creditor's claims at zero. Debtors will pay nothing to those creditors as secured claims. Any claim of a creditor whose lien is stripped is a general unsecured claim treated in Part 2.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(b)). The Court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases will apply. **These secured claims are**

impaired and are entitled to vote on confirmation of the Plan.

| Class | Name of Creditor | Collateral | Value |
|---|---|---|---|
| 1B | JPMorgan Chase Bank, NA / 2nd DOT (Acct # 8113)Primary | 1526 Morningstar Dr., Morgan Hill CA 95037 | $286,960.00 |

**Property to be Surrendered.**

Debtor will surrender the following collateral on the Effective Date of the Plan. The confirmation order will constitute an order for relief from stay. Any secured claim is satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim treated in Part 2. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1C | Pinnacle Bank | 560 Church St, Morgan Hill, CA 95037<br>• Motion for Relief from Stay granted 2/22/2013 |
| 1D | Tax Collector, Santa Clara County | 560 Church St, Morgan Hill, CA 95037<br>• Motion for Relief from Stay granted 2/22/2013 * |
| 1F | AGCO Finance LLC | Peterson Tracktor Challenger MT275BL / RC205B/ Gearmore AV2-7 |

- **Pinnacle Bank has paid all outstanding property tax delinquency according to the Tax Collector, Santa Clara County website.**

PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS

**Class 2(a). General Unsecured Claims.**

Allowed claims of under-secured and general unsecured creditors, shall be paid as follows:

INDIVIDUAL CHAPTER 11
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

5

**Percent Plan.** Creditors will receive on the Effective Date of the Plan a single payment equal to **5%** of their allowed claim.

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid |
|---|---|---|---|
| Citibank USA (Acct # 1318) | 13,687.00 | no | $684 |
| Citi (Acct # 0115) | 18,363.00 | no | $918 |
| FIA CARD SERVICES / BofA (Acct# 4677) | $10,010.00 | no | $500 |
| Chase Mht Bk (Acct # 3381) | $18,007.00 | no | $900 |
| JPMorgan Chase Bank, NA / 2nd DOT (Acct # 8113)Primary Residence 1526 Morningstar Dr., Morgan Hill CA 95037 | $286,960.00 | no | $14,348 |
| American Express (Acct # 2083) | 450.00 | no | $22 |
| Cal Coast Credit Service (Acct # 6686) | $1,696.00 | no | $85 |
| Cal Coast Credit Service (Acct # 4467) | $177.00 | no | $9 |
| NCO Finance/99 (Acct # 7916) | $426.00 | no | $22 |
| TOTAL | $349,776.00 | | $17,488 |

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**

   (a)   <u>Professional Fees.</u>

Debtor will pay the following professional fees on the effective date or upon approval by the court, whichever is later. Counsel is willing to accept payment over time. **Counsel is willing to accept monthly payment of $200 per month.**

| Name and Role of Professional | Estimated Amount |
|---|---|
| **Michael H. Luu, Attorney for the Debtor, Raymond Jackson** | **$15,000** |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(b)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

INDIVIDUAL CHAPTER 11
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

6

Case: 12-55661    Doc# 130    Filed: 03/27/14    Entered: 03/27/14 05:06:33    Page 6 of 20

(**b**) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(b)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| **NONE** | |

(**c**) <u>Tax Claims.</u> Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made monthly, due on the 10th day of the month, starting on the Effective date of the Plan. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default

under the Plan (defined in Part 6(b)).  **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| **IRS** | $6,387.00 * | 4% | 188.57 | 36 |
| **FRANCHISE TAX BOARD** | $3,248.00 ** | 4% | 96.00 | 36 |

- **Debtor filed an Objection to IRS' Proof of Claim on 9/20/2013 and obtained Order Granting Objection on November 18, 2103. Debtor will file and get a timestamped receipt from the IRS for the 2007 and 2009 tax return prior to plan confirmation hearing.**
- **Debtor filed an Objection to Franchise Tax Board's Proof of Claim on 9/20/2013 and obtained Order Granting Objection on November 18, 2103.**

**PART 4:   EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**(a) Executory Contracts/Unexpired Leases Assumed.** Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid in full on the Effective Date in full.

| Name of Counter Party | Description of Contract/Lease | Estimated Total Cure Amnt | Installment Amount | Number of Installments |
|---|---|---|---|---|
| **None** | **None** | **None** | **None** | **None** |

**(b) Executory Contracts/Unexpired Leases Rejected.** Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of

INDIVIDUAL CHAPTER 11
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

8

its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| **None** | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

**(a) Discharge.** Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

**(b) Vesting of Property.** On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(e) below.

**(c) Plan Creates New Obligations.** Except as provided in Part 6(d), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by

such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

**(a)** <u>**Creditor Action Restrained**</u>**.** The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in default under the Plan, except as provided in Part 6(e) below.

**(b)** <u>**Obligations to Each Class Separate**</u>**.** Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

**(c)** <u>**Material Default Defined**</u>**.** If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the

notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

**(d) <u>Remedies Upon Material Default</u>.** Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

**(e) <u>Claims not Affected by Plan</u>.** Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

**(f) <u>Effect of Conversion to Chapter 7</u>.** If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

**(g) <u>Retention of Jurisdiction</u>.** The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii)

whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**

**(a)  Effective Date of Plan.**  The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**(b)  Disputed Claim Reserve**.  Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the

reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be [select one] [returned to Debtor] [distributed pro-rata among allowed claims in this class].

**(c) Cramdown.** Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

**(d) Severability.** If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**(e) Governing Law.** Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

**(f) Lawsuits.**

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| **NONE** | | | | |

**(g) Notices.** Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

**MICHAEL H. LUU**

INDIVIDUAL CHAPTER 11
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

13

Attorney at Law
2060 Aborn Road, suite 240
San Jose, CA 95121

**(h) <u>Post-Confirmation United States Trustee Fees</u>** Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C.§ 1930(a)(6), So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

**(i) <u>Deadline for §1111(b) Election</u>** Creditors with an allowed secured claim can make a timely election under §1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

**Dated: <u>March 25, 2014</u>**

                                       */s/ Ray Jackson*_____

                                       **Ray Jackson,Debtor**

                                       */s/ Michael H. Luu*_____

                                       **Attorney for Debtor**

**Attorney Certification**

    I, Michael H. Luu, am legal counsel for the Debtor(s) in

INDIVIDUAL CHAPTER 11           14
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on December 7, 2011 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

- **Page 4 , line 11-16**
  **Stipulation to be filed**
- **Page 5, line 21 – 23**
  **Property tax paid**
- **Page 8 , line 7-12**
  **Objection to IRS & FTB Proof of Claims**

I declare that the foregoing is true and correct. Executed this 25th day of March, 2014.

                                 **/s/ Michael H. Luu**

                                 **Attorney for Debtor(s)**

**Exhibit 1 - Events That Led To Bankruptcy**

Debtor owns one primary residence and a rental real property as a 20 acres Horse Ranch with 80 horse stable capacity. Debtor owns and operates a company, VIPaws, Inc. that was set up to manage the Horse ranch. Due to the economic downturn, all properties have negative values. The Horse ranch also suffered from declining sales the last several years. Debtors have also fallen behind 10 months on the mortgage of his primary home. Debtor came to file this Chapter 11 bankruptcy due to the foreclosure sale of his primary residence on July 31, 2012, the same day as this bankruptcy filing. Debtor intends to cure the mortgage arrearage of his primary residence with Bayview/ ETrade Bank, strip the second mortgage with JPMorgan Chase Bank, NA and surrender the 20 acres Horse Ranch with 80 horse stable capacity. Debtor has started working full time as of July 15, 2012 and currently has sufficient income as a Sale Manager working at ConnectAndSell, Inc.

But for the limits under 11 USC §19(e) Debtor would have filed a petition under Chapter 13 of the U.S. Bankruptcy Code.

Debtor filed this case to reorganize his debts and to that end is proposing the accompanying plan.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 1526 Morningstar Dr., Morgan Hill CA 95037 (Primary)

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $673,792 | 1st $643,345 | $65,000 | $0.00 | $0.00 | $0.00 |
| | 2nd $286,960 | | | | |

Real Property #2: 560 Church St, Morgan Hill, CA 95037 (Rental 1)

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $1,200,000 | 1st $1,838,970 | $125,000 | $00.00 | $00.00 | $00.00 |

**Personal Property:**

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash (this balance is net of other cash collateral DIP bank acct) | $29,512 | $00.00 | $29,512 | $00.00 |
| VPawz Inc. | $5,000 | $00.00 | $5,000 | $00.00 |
| Other Personal Property | $3,750 | $00.00 | $3,750 | $00.00 |
| TOTAL | | | | $00.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $00.00 |
| Chapter 7 Administrative Claims | $00.00 |
| Chapter 11 Administrative Claims | ($975.00) |
| Priority Claims | ($9,635.00) |
| Chapter 7 Trustee Fees | $00.00 |
| Chapter 7 Trustee's Professionals | $00.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $00.00 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $62,816.00 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 5% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0.00% |

**Exhibit 3 – Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Gross Employment Income (ConnectAndSell, Inc.) | $11,128.00 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $     00.00 |
| **Additional Income and Support from non-filing spouse** | $ 2,400.00 |
| **A. Total Monthly Income** | $13,528.00 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | $ 4,075.00 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities) Real property 1 | $ 4,082.00 |
| Monthly Payment for Arrear Class 1A | $ 1,923.00 |
| Household Expenses (food) | $   500.00 |
| Transportation Expenses (car payments, insurance, fuel) | $   660.00 |
| Personal Expenses (e.g. recreation, clothing, cellphone, medical) | $ 1,455.00 |
| Alimony / Child Support | $     00.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | $     00.00 |
| **B. Total Monthly Expenses** | $12,695.00 |

| **C. Disposable Income (Line A – Line B)** | $   833.00 |
|---|---|

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | $   210.00 |
| Priority Claims (Tax) | $   285.00 |
| Attorney's Fee | $   200.00 |
| **A. Total Plan Payments** | $   385.00 |

| B. **Plan Feasibility** (Line C – Line D)<br>(Not feasible if less than zero) | $   138.00 |
|---|---|

INDIVIDUAL CHAPTER 11                                18
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---:|---:|
| A. Projected Total Cash on Hand on Effective Date |  | $20,000.00 |
| Payments on Effective Date |  |  |
| Unsecured Claims | $17,488.00 |  |
| Administrative Claims | $0.00 |  |
| Priority Claims | $0.00 |  |
| U.S. Trustee Fees | $640.00 |  |
| B. Total Payments on Effective Date |  | $18,128.00 |
| C. Net Cash on Effective Date (Line A - Line B) |  | $1,872.00 |

INDIVIDUAL CHAPTER 11                         19
COMBINED PLAN AND DISCLOSURE STATEMENT
March 25, 2014

**Exhibit 5 –Investment Property Analysis**

**Property with Positive Monthly Cashflow:**

N/A (ONLY PRIMARY RESIDENCE WITHOUT RENTAL INCOME)

| A. Total Positive Cash Flow | $ 00.00 |
|---|---|